954 So.2d 1264 (2007)
Roland WILLIAMS and Dorothy Williams, Appellants,
v.
PALM COAST BLUE WATER INTERNATIONAL CORPORATION, Appellee.
No. 5D06-1266.
District Court of Appeal of Florida, Fifth District.
April 27, 2007.
Dennis K. Bayer and Matthew C. Maguire, Flagler Beach, for Appellant.
Richard E. Berman, Richard A. Sachs and Bret L. Lusskin, Jr., of Berman, Kean & Riguera, P.A., Fort Lauderdale, for Appellee.
PER CURIAM.
We affirm the trial court's dismissal with prejudice of Counts II and III of appellants' second amended complaint. However, for the reasons set forth below, we reverse the trial court's dismissal with prejudice of Count I.
Count I would have adequately alleged a cause of action but for appellants' careless *1265 incorporation by reference of all of the 23 paragraphs immediately preceding this count. (It was improper to incorporate into Count I those paragraphs referencing appellee's alleged consent to an assignment of the purchase contract. Those paragraphs related to Count II.)
Furthermore, appellants were not required to attach a "written notice of closing" to the complaint because it was not a document "upon which action may be brought." Fla. R. Civ. P. 1.130(a).
We have previously held that a second amended complaint should not be dismissed with prejudice where a cause of action can be gleaned from the pleading and the only remaining defect is an improper incorporation by reference of prior paragraphs. Gerentine v. Coastal Sec. Systems, 529 So.2d 1191, 1194 (Fla. 5th DCA 1988).
AFFIRMED in part; REVERSED in part; REMANDED.
TORPY, LAWSON and EVANDER, JJ., concur.